**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-00180-REB-CBS

MOHAMMED SALEH,

    Plaintiff,

v.

J. E. GUNJA, Warden, et al,

    Defendants.

**ORDER DENYING MOTION TO REINSTATE**

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion To Reinstate** [#86], filed March 13, 2007. The motion is denied.

**I. BACKGROUND**

This case began when the plaintiff, Mohammed Saleh, filed a complaint in which he asserted three claims for relief. On July 15, 2004, the Magistrate Judge assigned to this case filed a recommendation in which he recommended that Saleh's complaint be dismissed. Applying the law as it stood at the time of the recommendation, the magistrate judge recommended, *inter alia*, that Saleh's first claim for relief be dismissed because Saleh had not exhausted available administrative remedies as to his first claim for relief. *Recommendation of United States Magistrate Judge* [#63], filed July 15, 2004. The Magistrate Judge concluded that Saleh had not exhausted his administrative remedies as to his first claim for relief because Saleh did not name in the

administrative process any of the defendants named in his first claim for relief. *Id.* The Magistrate Judge recommended also that Saleh's second and third claims for relief be dismissed because Saleh had not exhausted his administrative remedies as to all of the claims in his complaint. *Id.* **See, e.g., Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004), **abrogated by Jones v. Bock**, ___ U.S. ___, 127 S. Ct. 910 (2007).

On September 10, 2004, I entered an order adopting the Magistrate Judge's recommendation, and dismissing without prejudice Saleh's claims against the defendants in their individual capacities. *Order Adopting Recommendation of United States Magistrate Judge* [#70], filed September 10, 2004. Saleh's claims against the defendants in their official capacities were dismissed with prejudice. *Id.* Saleh then filed a notice of appeal. On May 16, 2005, the United States Court of Appeals for the Tenth Circuit issued an order dismissing Saleh's appeal for lack of prosecution. *Order* [#82], filed May 16, 2005.

On January 22, 2007, the United States Supreme Court issued its opinion in **Jones v. Bock**, ___ U.S. ___, 127 S. Ct. 910 (2007). The Court held, *inter alia*, that under the Prison Litigation Reform Act of 1995 (PLRA), courts should not dismiss prisoner complaints in their entirety when the plaintiff presents some claims for which administrative remedies have been exhausted, and some claims for which administrative remedies have not been exhausted. **Id.**, ___ U.S. at ___ - ___ , 127 S. Ct. at 923 - 926. The Court held also that exhaustion is not per se inadequate simply because a defendant named in a lawsuit was not named in prison grievances filed on the same issue. **Id.**, ___ U.S. at ___, 127 S. Ct. at 923. Further, the Court held that

failure to exhaust administrative remedies is an affirmative defense under the PLRA, and prison inmates are not required to plead or demonstrate exhaustion in their complaints. *Id*., ___ U.S. at ___, 127 S. Ct. at 921.

## II. ANALYSIS

In his Motion To Reinstate, Saleh asks that this case be reopened based on the Supreme Court's ruling in **Jones v. Bock**. He notes that this case was dismissed because he had not named in his grievance the defendants named in his first claim for relief, and because he had not exhausted administrative remedies as to all of the claims stated in his complaint. Under **Jones v. Bock**, dismissal on these bases is not proper.

I construe Saleh's motion as a motion under Fed. R. Civ. P. 60(b), which provides limited bases for relief from a judgment. In pertinent part, Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Saleh's motion was filed about 30 months after I entered my order dismissing his case. Thus, reasons (1), (2), and (3) of Rule 60(b) are inapplicable to his motion. Reason (4) is inapplicable also. The only reasons conceivably applicable to this case are reason (5), to the extent one could argue that it is inequitable for the judgment in this case to have prospective application, and reason (6). I conclude that Saleh is not

3

entitled to relief under Rule 60(b)(5) or (6).

First, it must be noted that a Supreme Court decision generally applies retroactively to "all cases still open on direct review." ***Harper v. Va. Dep't of Taxation***, 509 U.S. 86, 97 (1993). A case open on direct review is a case in which there is no final judgment. ***Deja Vu v. Metro. Gov't of Nashville & Davidson Co.***, 41 F.3d 417, 421 (6th Cir. 2006). For this purpose, a case with a final judgment is a case in which "'the availability of appeal' has been exhausted or has lapsed, and the time to petition for certiorari has passed." ***Bradley v. School Bd. of City of Richmond***, 416 U.S. 696, 711 n. 14 (1974) (***quoting Linkletter v. Walker***, 381 U.S. 618, 622, n. 5 (1965)). The present case was not open on direct review when the Supreme Court issued its opinion in ***Jones v. Bock***. The availability of an appeal had lapsed, as had the time to petition for certiorari. Thus, ***Jones v. Bock*** does not apply retroactively to the claims asserted by Saleh in this case.

Second, relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances. ***Bud Brooks Trucking, Inc. v. Bill Hodges Co.***, 909 F.2d 1437, 1440 (10th Cir. 1990). Generally, a "change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief." ***Collins v. City of Wichita, Kan.***, 254 F.2d 837, 839 (10th Cir. 1958). The change engendered by ***Jones v. Bock*** is not an exceptional circumstance that can provide a basis for relief under Rule 60(b)(6). Given the law and circumstances summarized above, there is no basis to argue or conclude that it is inequitable for the judgment in this case to remain in effect. Therefore, relief under Rule 60(b)(5) also is unavailable.

4

## III. ORDER

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion To Reinstate** [#86], filed March 13, 2007, is **DENIED**.

Dated January 17, 2008, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**